UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM LAMM, *individually and on behalf of all others similarly situated*,

                         Plaintiff,

-against-

FMS, INC., and JOHN DOES 1-25,

                         Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  02/28/2022

No. 21 Civ. 2478 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

      Section 1692e of the Fair Debt Collection Practices Act ("FDCPA") makes it unlawful for a debt collector to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similarly, section 1692g requires a debt collector's initial communication with the debtor to adequately state "the amount of the debt." *See Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215 (2d Cir. 2017). Plaintiff Abraham Lamm brings this peculiar case against Defendants FMS, Inc. and John Does 1-25, alleging they violated the FDCPA by "deceptively list[ing,]" on a debt collection letter, a payment of **_one cent_** he never made and which he claims makes it "impossible for [him] to know how much is owed." (Compl. ¶ 35, ECF No. 1.) Presently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9.) For the following reasons, the Court GRANTS Defendants' motion to dismiss.

## BACKGROUND

      The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to *pro se* Plaintiff for the purposes of this motion.

      "Some time prior to April 2, 2020, an obligation was incurred to Synchrony Bank" that arouse out of transactions in which the funds obtained from the creditor were used primarily for

personal, family or household purposes. (Compl. ¶¶ 21–22.) On April 2, 2020, Defendant FMS sent Plaintiff an initial contact notice letter regarding the debt originally owed to Synchrony Bank. (*Id* ¶ 27; *id.*, Ex. A (Initial Contact Notice Letter), ECF No. 1-1.) The right side of the letter states the following account summary:

| Account Summary |
| :---: |
| **Creditor** |
| SYNCHRONY BANK |
| **Customer No** |
| xxxxxxxxxx[REDACTED] |
| **Account of** |
| ABRAHAM LAMM |
| **Account No** |
| [REDACTED] |
| **Balance Due** |
| $3,434.05 |
| **Charge-Off Balance** |
| $3,434.06 |
| **Total Interest Accrued Since Charge-Off** |
| $0.00 |
| **Charges or Fees Accrued Since Charge-Off** |
| $0.00 |
| **Total Payments Made Since Charge-Off** |
| $0.01 |

(*Id.*, Ex. A.)

Plaintiff did not make a $0.01 payment since the charge-off. (*Id.* ¶ 33.) Plaintiff claims he suffered damages as a result of Defendants' "deceptive, misleading[,] and unfair debt collection practices." (*Id.* ¶ 39.) Plaintiff seeks statutory and actual damages, costs, and attorney's fees as relief. (Compl. at 11.)

On March 22, 2021, Plaintiff filed his Complaint. (Compl. at 1.) On May 24, 2021, Defendants sought leave to file their motion to dismiss, which the Court subsequently granted and issued a briefing schedule. (ECF Nos. 6 & 8.) On August 6, 2021, the parties filed their respective briefing: Defendants their notice of motion (ECF No. 9), memorandum in support ("Motion," ECF

No. 10), reply ("Reply," ECF No. 11); and Plaintiff his response in opposition ("Response in Opposition," ECF No. 12).

## LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC,* 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. In applying these principles, the Court may consider facts alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

By his Complaint, Plaintiff claims that Defendants violated the FDCPA in two ways. First, he claims Defendants violated § 1692e by deceptively listing a $0.01 payment he never made, which is materially misleading because it makes it impossible for him to know how much is owed. (Compl. ¶¶ 32–36.) And second, he claims Defendants violated § 1692g "by confusingly stating that a payment was made when it was not," which "fail[s] to provide the consumer with the correct and clear balance owed." (*Id.* ¶¶ 38, 48.)

By their motion, Defendants move to dismiss the Complaint with prejudice on the ground that Plaintiff has failed to allege that he suffered any material harm. (Mot. at 5–10.) They contend

3

that Plaintiff's quibbling about a one-cent difference in the amount owed—which is actually debited to his advantage—highlights the fact that he suffered no harm. (*Id.* at 7.) Instead, they aver that this lawsuit is founded upon what the Honorable Shira A. Scheindlin described as "an idiosyncratic interpretation of a collection letter 'much more likely arrived at by an enterprising plaintiff's lawyer than by a least sophisticated consumer.'" (*Id.* (citing *Ghulyani v. Stephens & Michaels Assocs.*, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) ("[T]he FDCPA does not aid plaintiffs whose claims are based on 'bizarre or idiosyncratic interpretations of collection notice . . . .").) After due consideration, the Court agrees with Defendants.

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To achieve this, the FDCPA imposes, "among other things, certain notice and timing requirements on efforts by 'debt collectors' to recover outstanding obligations." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 58 (2d Cir. 2004). Section 1692k of the FDCPA provides that "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k.

To state a claim under the FDCPA, a plaintiff must demonstrate that: (1) the plaintiff is a person who was the object of efforts to collect a consumer debt; (2) the defendant is a debt collector as defined in the statute; and (3) the defendant has engaged in an act or omission in violation of the FDCPA. *See Cohen v. Ditech Fin. LLC*, 15-CV-6828, 2017 WL 1134723, at *3 (E.D.N.Y. Mar. 24, 2017). Here, the parties only dispute whether Plaintiff sufficiently alleges the third factor:

whether Defendants have engaged in an act or omission that violates the FDCPA. Plaintiff claims Defendants violated §§ 1692e and g.

Section 1692e of the FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation." 15 U.S.C. § 1692e. In the Second Circuit, two principles of statutory construction guide courts' assessments of alleged violations of § 1692e: (1) the FDCPA is liberally construed to effectuate its purpose of consumer protection, and (2) collection notices are analyzed from the perspective of the "least sophisticated consumer." *Taylor v. Fin. Recovery Servs.*, 886 F.3d 212, 214 (2d Cir. 2018) (internal citation omitted).

The least sophisticated consumer test is an objective one that "pays no attention to the circumstances of the particular debtor in question." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). And, despite the name, the least sophisticated consumer is not wholly unsophisticated; they are "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Capital Mgmt. Servs. LP*, 918 F.3d 236, 239 (2d Cir. 2019) (internal quotations and citation omitted). Applying the standard of the least sophisticated consumer, a debt collector's representation is misleading or deceptive "if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)).

The Second Circuit also reads a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in the collection of a debt. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("Several of our sister circuits have held that the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA . . . . We reach that

conclusion here, adopting the persuasive reasoning of these courts of appeals."). The materiality requirement functions as "a corollary to the well-established proposition that [i]f a statement would not mislead the unsophisticated consumer, it does not violate the [FDCPA]—even if it is false in some technical sense." *Id.* at 85 (brackets in original) (internal quotation and citation omitted). Simply put, a debt collector's statement is material if it is capable of influencing the decisions of the least sophisticated consumer. *See id.* at 86 (finding that statements identifying entity as a creditor were immaterial where they did not misrepresent "nature or legal status of the debt or undermine a [consumer's] ability to respond to the debt collection").

Relatedly, section 1692g requires that a debt collector clearly notify a consumer as to "the amount of the debt" in the initial communication or within five days after the initial communication. 15 U.S.C. § 1692g(a)(1). The least sophisticated consumer test also governs alleged violations of § 1692g, under which a collection notice must ensure that the least sophisticated consumer is able to "determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017).

Here, the onus of Plaintiff's argument is that the one-cent payment "is misleading and deceptive because it misleadingly suggests that future credits will be applied to the account." (Resp. in Opp'n at 10.) As such, "[t]he least sophisticated consumer has no way of knowing the amount of the debt or where the credits came from[,] and [i]t is therefore impossible to determine the amount of the debt owed." (*Id.*) "Moreover, Plaintiff did not take any action on the debt, believing that the [l]etter was possibly fraudulent as a result of the false credit." (*Id.*)

But "mere technical falsehoods that mislead no one are immaterial" under the FDCPA. *Cohen*, 897 F.3d at 86 (internal quotation marks omitted) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). "The FDCPA is designed to protect consumers from '*abusive*' debt collection practices; its purpose is not necessarily to guarantee error-free communications from debt collectors. *Simon v. FIA Card Servs. N.A.*, No. CIV.A. 12-518 MAS, 2015 WL 1969411, at *5 (D.N.J. Apr. 30, 2015) (emphasis added), *aff'd sub nom. Simon v. FIA Card Servs. NA*, 639 F. App'x 885 (3d Cir. 2016). As the Eighth Circuit previously held, "[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable." *Hill v. Accounts Receivable Services, LLC*, 888 F. 3d 343, 346 (8th Cir. 2018). As such, "a *de minimis* misstatement of the total amount owed might not be actionable[.]" *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 127 (4th Cir. 2014).

The Court finds that to be the case here. To be sure, the Court does not intend to establish a bright-line rule between which misstatements of the total amount owed would be actionable and which ones would be *de minimis*. But in this case, when comparing the *one-cent* payment with the alleged total amount of the debt owed, which exceeds *three thousand dollars*, "the Court harbors *serious* doubt whether [the] misrepresentation here . . . can be material as a matter of law." *Grunwald v. Midland Funding LLC*, 172 F. Supp. 3d 1050, 1054 (D. Minn. 2016) (emphasis added).

This is not a case in which an overstatement of the amount of the debt operated to confuse the consumer or exert pressure on him to respond to collection efforts. *See, e.g.*, *Conteh v. Shamrock Cmty. Ass'n, Inc.*, 648 F. App'x 377, 379 (4th Cir. 2016) (concluding that 10.5% overstatement was not *de minimis*); *Boedicker v. Rushmore Loan Mgmt. Servs., LLC*, 2017 WL 1408158, at *5 (D. Kan. Apr. 20, 2017) (approximately 30% overstatement was not *de*

minimis); *Mehling v. Fullett Rosenlund Anderson PC,* No. 16 C 5921, 2016 WL 7231931, at *5 (N.D. Ill. Dec. 12, 2016) (concluding that overstating "the amount of the debt by nearly $200, or approximately 25 percent" was not *de minimis*). Rather, this is a case in which a technical falsehood had no potential adverse effect on even the least sophisticated consumer. *See Dudley v. Focused Recovery Solutions, Inc.*, 2017 WL 2981345, at *4 (E.D. Va. July 12, 2017) (8.4% understatement not material); *Grunwald*, 172 F. Supp. 3d at 1054–55 (0.3% overstatement not material); *Robbins v. Med-1 Sols., L.L.C.*, 2016 WL 891329, at *9 (S.D. Ind. Mar. 9, 2016) (0.06% overstatement not material).

Indeed, in *Estrada v. FBCS, Inc.*, Case No. 2:18-cv-02949 (E.D. Pa.), the court scolded a plaintiff who similarly claimed to have been misled by a *one-cent* misstatement. In *Estrada*, the plaintiff received a collection letter that contained three settlement options, including an option to satisfy the debt in three payments. (*Estrada v. FBCS, Inc.*, Case No. 2:18-cv-02949, ECF No. 1 (E.D. Pa. Nov. 21, 2018).) The plaintiff alleged the defendant violated the FDCPA because the aggregate total of the proffered three-payment settlement offer ($656.34) was one-cent more than the proffered lump sum settlement payment ($656.33). (*Id.* at 2.) Specifically, the plaintiff alleged that (1) the "[d]efendant has presented false and deceptive information to plaintiff within its collection letter"; (2) she "sustained a concrete and particularized injury by [the d]efendant's placement of provisions within its letter that violated [her] rights under the FDCPA"; and (3) she "sustained injury by being subject to [the d]efendant's false and unjust representations. (*id.* at 3.) After the defendant debt collector moved the dismiss, the court issued a scathing two-sentence opinion: "'Penny wise and pound foolish' – to countenance further comment on this contrivance would only add wasteful folly to silly absurdity. The Motion to Dismiss with prejudice is granted." (*Estrada v. FBCS, Inc.*, Case No. 2:18-cv-02949, ECF No. 12 (E.D. Pa. Nov. 21, 2018).)

Hence, the Court concludes that the one-cent misstatement here is immaterial, and therefore, unactionable under the FDCPA. Were the Court to hold otherwise, then, as another court noted:

> *any* misstatement of the amount of a debt, no matter how minor, would constitute a violation of the statute. It is not hard to conceive of absurd outcomes that might result: should a one penny overstatement of a one-million-dollar debt run afoul of the statute? The FDCPA is intended to be liberally construed and broadly applied, but the Court does not believe it sweeps *that* broadly.

*Grunwald*, 172 F. Supp. 3d at 1054 (emphasis in original) (citations omitted). In closing, the Court echoes the concerns raised by the Hon. Brian M. Cogan:

> The instant case . . . suggests that the FDCPA is being privately enforced mostly on the hyper-technical margins of permissible collection activity. We have drifted quite far from the truly awful collection practices—threatening violence, disclosing a consumer's personal affairs to others, impersonating public officials—that prompted Congress to enact the FDCPA. *See* S. Rep. 95-382, at 2 (1977). We are no longer deterring collection companies from abusing, tricking, and misleading debtors into making payments that they do not have to or would not want to make if they had the relevant facts. The courts are to some extent simply burdening the collection industry with a continuing portfolio of litigation that potentially raises the cost of credit for all consumers.

*Islam v. Am. Recovery Serv. Inc.*, No. 17-CV-4228 (BMC), 2017 WL 4990570, at *3 (E.D.N.Y. Oct. 31, 2017).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (ECF No. 9) and DISMISSES Plaintiff's Complaint with prejudice. The Clerk of Court is directed to terminate the motion at ECF No. 9 and this action, to enter judgment accordingly, and to close the case.

Dated: February 28, 2022
      White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge